IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LYN RICHARD OBERG,              )
                                )    Civil No. 05-704-ST
         Petitioner,            )
                                )
    v.                          )
                                )
GUY HALL,                       )
                                )    FINDINGS AND RECOMMENDATION
         Respondent.            )

    Mark Bennett Weintraub
    Assistant Federal Public Defender
    151 W. 7th Ave., Suite 510
    Eugene, Oregon 97401

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Douglas Y.S. Park
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the constitutionality of his convictions for Rape in the Third Degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (docket #2) should be dismissed on the basis that it is untimely.

## BACKGROUND

On August 27, 2001, petitioner pled guilty to four counts of Rape in the Third Degree and was sentenced to 30 months imprisonment on each count. Respondent's Exhibit 101. The trial court ran three of the four sentences consecutively, for a total prison term of 90 months. Id. These convictions were entered into the register on August 29, 2001. Respondent's Exhibit 102, p. 6.

There are no direct appeal proceedings on record for petitioner. He did, however, file for post-conviction relief ("PCR") in September of 2003, but the PCR trial court denied relief on the basis that the action was not timely. Respondent's Exhibit 104; Memorandum of Law in Support (docket #44), p. 4. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. Oberg v. Hall, 196 Or.App. 787, 106 P.3d 699 (2004), rev. denied, 338 Or. 301, 106 P.3d 375 (2005). The appellate judgment issued on April 20, 2005. Respondent's Exhibit 106.

2 - FINDINGS AND RECOMMENDATION

On May 3, 2005, petitioner filed this case in which he raises 14 grounds for relief. Petitioner acknowledges that he failed to timely file this case, and further concedes that none of the claims alleged in his Petition were fairly presented to the Oregon state courts. However, he asks the court to excuse these procedural deficiencies and reach the merits of his claims because: (1) prison authorities in the State of Washington failed to deliver his notice of appeal to the Oregon Court of Appeals, thereby preventing him from taking a direct appeal; and (2) his incarceration in the State of Washington immediately following his convictions in Oregon prevented him from properly presenting his claims to the Oregon state courts.

## DISCUSSION

### I.  Statute of Limitations Calculation

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

3 - FINDINGS AND RECOMMENDATION

>    right has been newly recognized by the Supreme Court
>    and made retroactively applicable to cases on
>    collateral review; or
>
> (D) the date on which the factual predicate of the claim
>    or claims presented could have been discovered
>    through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The period of direct review also includes the 90-day period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court, whether or not he actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, AEDPA's one-year statute of limitations did not begin to run until petitioner's opportunity to file a direct appeal ended. In Oregon, criminal defendants have 30 days in which to directly appeal their convictions. ORS 19.255(1). Accordingly, the limitation period began to run on September 28, 2001, 30 days after petitioner's convictions were entered in the register.

Petitioner signed a PCR petition on September 3, 2003 and presumably deposited it with a prison official for filing because the PCR trial court received the document on September 23, 2003. Respondent's Exhibit 104. Under the "prison mailbox rule," a

4 - FINDINGS AND RECOMMENDATION

prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to the clerk of the court. Saffold v. Newland, 224 F.3d 1087, 1091 (9th Cir. 2000) (applying prison mailbox rule to state court petitions as well as federal petitions). Consequently, petitioner's PCR petition is deemed filed on September 3, 2003.

Although state collateral proceedings typically toll AEDPA's statute of limitations, this only applies to collateral cases which are "properly filed." In this case, petitioner's PCR action was dismissed as untimely and, therefore, did not toll the one-year limitation period. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (untimely state actions are not "properly filed" for statute of limitations purposes). Because AEDPA's statute of limitations continued to run unabated during the pendency of petitioner's state PCR action until he signed and mailed his federal Petition for Writ of Habeas Corpus on May 3, 2005, 1313 untolled days elapsed following his criminal convictions.

## II. Cause and Prejudice: Notice of Appeal

Petitioner asserts that application of Oregon's prison mailbox rule excuses his untimely filing. Specifically, he argues that despite his attempt to file a *pro se* direct appeal with the Oregon courts from the Monroe Correction Center ("MCC") in Washington, it never reached the Oregon Court of Appeals. He theorizes that had his notice of appeal reached the Oregon Court of Appeals, his direct

5 - FINDINGS AND RECOMMENDATION

and collateral appeals would have been timely, thereby tolling AEDPA's statute of limitations during the pendency of both his direct and collateral state proceedings.

In order to demonstrate cause for his default, petitioner must demonstrate that some objective, external factor impeded his ability to timely file his state actions. Murray v. Carrier, 477 U.S. 478, 488 (1984). In this case, no mail log exists at MCC before January 1, 2002. Affidavit of Toni Pisani, p. 2. However, petitioner has submitted a copy of a document entitled "Notice of Appeal," which was notarized on September 20, 2001. Id. at 3-4. He also includes a handwritten document which, he claims, constitutes his own personal mailing log showing an entry of "9/20 Notice of Appeal to Oregon." Id. at 5. He maintains that the application of Oregon's prison mailbox rule to these documents demonstrates cause to excuse his untimely filing of the current action.

Oregon's prison mailbox rule provides as follows:

> With respect to a person confined in an institution of confinement **who files and serves a thing in the appellate court**, the thing shall be deemed filed in the appellate court and served on another person when the original of the thing and the appropriate number of copies are delivered, in a form suitable for mailing, to the person or place designated by the institution for handling out-going mail.

ORAP. 1.35(4) (emphasis added).

The court does not read the prison mailbox rule as a guarantee of actual filing irrespective of a document's physical delivery to a courthouse. Instead, the prison mailbox rule simply puts a date

6 - FINDINGS AND RECOMMENDATION

...
...
...

stamp on a document which the court later physically receives. Because petitioner's notice of appeal was never received by the Oregon Court of Appeals, the prison mailbox rule is inapplicable to that document.

Petitioner asserts that similar facts to those present in this case resulted in a finding of cause and prejudice in Maples v. Steagall, 340 F.3d 433 (6th Cir. 2003). Petitioner Maples completed a PCR application for leave to appeal to the Michigan Supreme Court five days before it was due. When petitioner Maples attempted to ascertain the cost of postage as required by prison policy, he was told to ask again in two days. Due to this two-day delay, Maples' application was received by the Michigan Supreme Court one day late and rejected without consideration on the merits. The Sixth Circuit Court of Appeals excused Maples' failure to properly file his application with the Michigan Supreme Court, concluding that his application for review would have been timely had the prison acted more expeditiously.

Maples is not analogous to this because petitioner's appellate notice simply never reached the Oregon Court of Appeals. Indeed, despite the production of a copy of petitioner's notarized appellate notice and a copy of a handwritten document which is purportedly petitioner's private mailing log, the question still remains whether petitioner ever actually mailed the document. Various factors weigh against such a conclusion.

7 - FINDINGS AND RECOMMENDATION

First, of course, is the fact that the Oregon Court of Appeals has no record of ever receiving such a document.  Second, while petitioner has proven that he did fill out an appellate notice, he has not shown that he actually delivered it to prison authorities for mailing in the manner prescribed by the institution.  Finally, and perhaps most significantly, petitioner asserts that he mailed his appellate notice on September 20, 2001, but also claims that he did nothing further with respect to a direct appeal until July 18, 2003, when he wrote to the state public defender for assistance.  This delay of nearly two years, and petitioner's corresponding failure to cure the problem in a timely fashion with the Oregon Court of Appeals, makes it impossible at this late date to ascertain whether he actually mailed his appellate notice since the mailing logs at MCC only date back to January 1, 2002.  Indeed, petitioner's lack of diligence does not support his claim that he wished to actually pursue a direct appeal.

For all of these reasons, petitioner has not carried his burden with respect to a showing of cause and prejudice.

### III. **Equitable Tolling: Washington Incarceration**

Petitioner also asks the court to equitably toll AEDPA's statute of limitations during the time he was housed at MCC in Washington.  A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way.  Pace, 544 U.S.

at 418. Equitable tolling is appropriate when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003), quoting Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. Tillema v. Long, 253 F.3d 494, 504 (9th Cir. 2001); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); see also Calderon v. United States District Court, 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court, 163 F.3d 530 (9th Cir. 1998)(en banc), cert. denied 526 U.S. 1060 (1999). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

AEDPA's statute of limitations began to run on September 28, 2001, when petitioner's convictions became final. At that time, petitioner was incarcerated at MCC and was not returned to Oregon until July 18, 2003. As previously noted, petitioner's PCR petition and subsequent appeals did not toll AEDPA's statute of limitations because they were not "properly filed." Accordingly, 594 untolled days ran between the time petitioner was returned to Oregon custody and the filing of his Petition for Writ of Habeas Corpus. Thus, even assuming petitioner is entitled to equitable tolling for the

9 - FINDINGS AND RECOMMENDATION

time he spent at MCC, he still failed to file this case in a timely manner.

IV. **Actual Innocence**

In his *pro se* Petition for Writ of Habeas Corpus, petitioner asserts that this is a case of actual innocence. In his counseled supporting memorandum, he reiterates this claim. To the extent petitioner seeks to present his claim of actual innocence as an excuse to his default, he is required to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995); Downs v. Hoyt, 232 F.3d 1031, 1040 (9th Cir. 2000), cert. denied, 121 S.Ct. 1665 (2001). Ultimately, petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 327; Bousley v. United States, 523 U.S. 614, 623 (1998); Downs, 232 F.3d at 1040.

Petitioner was convicted of four counts of Rape in the Third Degree, which is defined in Oregon as "sexual intercourse with another person under 16 years of age." ORS 163.355. Petitioner "admits that he had sexual intercourse with the victim but denies claims of torture, coercion, and possession of child pornography." Memorandum of Law in Support (docket #44), p. 4. Based on petitioner's admission that he had a sexual relationship with the

10 - FINDINGS AND RECOMMENDATION

14-year-old victim in this case, he cannot show that it is more likely than not that no reasonable juror would have convicted him of Rape in the Third Degree.  He therefore cannot pass through the gateway of actual innocence and excuse his default.

Because petitioner has not shown any valid reason why his untimely filing should be excused, this case should be dismissed for failure to comply with AEDPA's one-year statute of limitations.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #2) should be DISMISSED with prejudice.

## **SCHEDULING ORDER**

Objections to these Findings and Recommendation, if any, are due July 16, 2007.  If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 26th day of June, 2007.

                                        /s/   Janice M. Stewart
                                        Janice M. Stewart
                                        United States Magistrate Judge