UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LYN RICHARD OBERG,

    Petitioner,

  v.                                              ORDER

GUY HALL,                          Civil No. 05-704-ST

    Respondent.

HAGGERTY, Chief Judge:

    Magistrate Judge Stewart referred to this court a Findings and Recommendation [68] in this action. The Findings and Recommendation recommends that petitioner's Petition for a Writ of Habeas Corpus [2] be dismissed as untimely. Petitioner filed objections [66] to the finding that he has not shown cause and prejudice to excuse his procedural default, and to the finding that the doctrine of equitable tolling does not apply. The court has performed a de novo review, evaluated the Findings and Recommendation, the objections, and the entire record. After this

1    - ORDER

review, the court adopts in part the Findings and Recommendation, and dismisses the petition.

## I.     DISCUSSION

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a de novo review.  28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

### A.     Procedural Default

Petitioner argues that he has shown cause and prejudice sufficient to allow this court to excuse his procedural default.

#### 1.     Prison Mailbox Rule

At the heart of petitioner's claim is his assertion that he was denied his right to a direct appeal as a result of his Washington jailor's failure to deliver his notice of appeal to the Oregon courts.  Oregon Rule of Appellate Procedure 1.35(4) dictates that:

> With respect to a person confined in an institution of confinement who files and serves a thing in the appellate court, the thing shall be deemed filed in the appellate court and served on another person when the original of the thing and the appropriate number of copies are delivered, in a form suitable for mailing, to the person or place designated by the institution for handling outgoing mail.

This rule is a codification in part of *Hickey v. Or. State Penitentiary*, 874 P.2d 102 (Or. Ct. App. 1994), where the court explained that "[t]he best that a *pro se* inmate petitioner can do is to deliver the petition timely to the designated prison authority for filing . . . and make a record of the date of delivery; . . . for the rest of the process, the prisoner must necessarily rely on the good faith and diligence of prison authorities . . . ." *Id.* at 105.  The court thus excused the late filing of a petition for review that was given to prison authorities before the statutory filing deadline, but arrived after the filing deadline.  *Id.*  In an accompanying opinion, the same panel of the Oregon Court of Appeals held that a notice of appeal was deemed filed on the day that it was delivered to prison authorities, even if it was never delivered to the court.  *Allen v. Hall*, 874

P.2d 105 (Or. Ct. App. 1994) (per curiam).

Here, petitioner has provided both a notarized copy of his notice of appeal and a copy of his handwritten mail log showing that the notice was mailed on September 20, 2001. Pisani Aff. Ex. 1. Monroe Correction Center keeps no records of outgoing or incoming legal mail, and the notary who signed petitioner's notice is deceased. Pisani Aff. ¶ 3. Under controlling Oregon law, this evidence is sufficient to prove that petitioner deposited his notice of appeal for mailing with prison officials. Thus, petitioner is deemed to have filed his notice of appeal as of September 20, 2001.

### 2. Cause and Prejudice

A petitioner's procedural default may be forgiven if they show cause and prejudice. "To show cause, a petitioner must show that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The Supreme Court has recognized "interference by officials" as a basis for finding cause. *Id.* Once cause is established, a petitioner must show "not merely that the error[] . . . created a possibility of prejudice, but that [it] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Here, the failure to deliver petitioner's notice of appeal led to a forfeiture of his right to a direct appeal. "It has long been settled that appeal in Oregon in both criminal and civil cases is not a constitutional right but a legislative grant." *State v. Jairl*, 368 P.2d 323, 325 (Or. 1962) (citation omitted); *see also McKane v. Durston*, 153 U.S. 684, 687-88 (1894) ("It is therefore clear that the right of appeal may be accorded by the state to the accused upon such terms as in its wisdom may be deemed proper."). Thus, the deprivation of the statutory right to appeal, in and of itself, does not constitute prejudice of a constitutional dimension sufficient for relief from

3      - ORDER

procedural default.[1]

      **B.**    **Equitable Tolling**

Petitioner argues that the one year statute of limitations for filing his federal habeas petition should be equitably tolled. "We will permit equitable tolling of AEDPA's limitations period 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Miles v. Prunty*, 187 F.3d 1104, 1007 (9th Cir. 1999) (quoting *Calderon v. U.S. Dist. Court*, 163 F.3d 530, 541 (9th Cir. 1998)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Id.* However, "[e]quitable tolling will not be available in most cases, [and will] only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (citing *Calderon*). Petitioner bears the burden of showing that equitable tolling is appropriate. *Id.*

Here, petitioner was returned to custody in Oregon on July 18, 2003. At that juncture, or soon after, he took steps to reinvigorate his state appeal, including filing for post-conviction relief in September 2003. Even assuming that the prison's failure to deliver his notice of appeal entitles petitioner to equitable tolling during his period of incarceration in Washington, the record does not support such a finding after his return to Oregon in 2003. At that juncture, no external circumstances made it impossible for petitioner to file a federal habeas petition. However, he did not file his federal habeas petition until May 18, 2005. The petitioner in *Gaston* similarly sought state post-conviction relief while at the same time failing to file a timely federal

---

[1] To the extent that petitioner's habeas petition may assert other grounds upon which a claim of prejudice may be bottomed, petitioner has not argued those grounds. Further, given the court's denial of equitable tolling, even absent procedural default, the petition was untimely.

4    - ORDER

habeas petition, and was denied equitable tolling. *Id.* Notwithstanding his procedural default, petitioner could have protected his right to a federal forum by filing a habeas petition in 2003, and is thus barred by the statute of limitations from filing it in 2005.

## II. CONCLUSION

The court has performed a de novo review, evaluated the Findings and Recommendation, the objections, and the entire record. Based on this review, petitioner's objections [66] are sustained in part, the Findings and Recommendation [68] is adopted in part, and petitioner's Petition for a Writ of Habeas Corpus [2] is dismissed as untimely.

IT IS SO ORDERED.

DATED this __16__ day of October, 2007.

        /s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge